SIANAVA R. S. TAGO (M) (Acting for and in behalf of the Sevaaetasi Family) of the Village of Pago Pago, Plaintiff

v.

ALA and wife, AITULAGI ALA, of the Village of Pago Pago, Defendants

No. 54-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 26, 1963

Tago *pro se.*
Leota, Counsel for defendants.

OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above entitled and numbered cause wherein plaintiff, Sianava R. S. Tago (Acting for and in behalf of the Sevaaetasi Family) appeared per-

sonally; and defendants appeared personally and by and through their counsel, Leota.

Plaintiff brought this action seeking the removal of part or parts of defendants' house encroaching upon Sevaaetasi Family land. Plaintiff based his petition on two grounds: (1) Plaintiff claims that any part of the house of defendants which extends beyond a straight line connecting the two monuments marking the boundary line between Leota Family land and Sevaaetasi Family land is encroaching on Sevaaetasi Family land; (2) Plaintiff asserts his right to a remedy in an Agreement entered into between plaintiff and defendants on April 2, 1957, which instrument was duly recorded in Volume 4, Miscellaneous, Page 42, Records of the High Court of American Samoa, the original of which Agreement having been introduced into evidence by plaintiff as Exhibit No. 1, without objection from defendants or their counsel.

The Agreement recites that defendants are the true owners of a European house (38' x 40') which is located in Pago Pago. It admits that part of said house is located on Sevaaetasi Family land and that the other part of said house is situated on Leota Family land, adjoining the said Sevaaetasi Family land. In said instrument plaintiff agrees to allow the part of said house situated on Sevaaetasi land to be left there for a period of five (5) years without payment of any rent by the defendants to the plaintiff. In turn, defendants agree that at the termination of the five (5) year period, they (defendants) will remove said part of their house standing on Sevaaetasi land. The Agreement is signed by plaintiff, representing the Sevaaetasi Family, and by the defendants, Ala and Aitulagi. The Clerk of the High Court and the Deputy Clerk of the High Court affixed their signatures as witnesses to said Agreement. It was brought out at the trial that the Agreement was translated or interpreted from the English language into the Samoan

language by the official court interpreter, Punefu, in the presence of all those signing the Agreement.

The evidence indicated that the five-year term set out in the Agreement ended on April 2, 1962. The evidence further showed that since April, 1962 plaintiff had on several occasions approached defendants and asked them to remove that part of their house which encroached on Sevaaetasi land, and that defendants failed to honor the Agreement of April 1957 by removing said part of their house from Sevaaetasi land, and that defendants still refused up to the time when this action was filed on April 26, 1963, and that defendants' house still continues to encroach upon Sevaaetasi land.

Plaintiff prayed the Court for the removal of part or parts of defendants' house from the Sevaaetasi land. Plaintiff argued that if for some reason the Court did not see fit to order defendants to tear down and remove that part of the house overlapping into Sevaaetasi land, then in the alternative the Court should order defendants to pay the plaintiff the sum of six ($6.00) dollars per month as rent money for said part of Sevaaetasi land being occupied by defendants' house, with the provision that if defendants failed to meet their monthly payments to plaintiff, then defendants were to remove said part or parts of their house out of Sevaaetasi land immediately upon their default in said payment. Plaintiff asked the Court that if such alternative were ordered by the Court, said monthly rent payment be deposited by defendants in the Bank of American Samoa in the name of the Sevaaetasi Family, Robert S. Siania, Trustee, until a matai for the Sevaaetasi Family is selected, at which time rent payments are to be made directly to the matai of the Sevaaetasi Family.

The members of the Court visited the land in question prior to the trial. Drawing an imaginary straight line connecting two monuments which indicate the boundary line

·between the Leota and Sevaaetasi Family lands, it was obviously clear to the Court that the west end of the rear of defendants' house overlapped into Sevaaetasi land about $10\frac{1}{2}$ feet, while the east end of the rear of defendants' home overlapped about $18\frac{1}{2}$ feet into Sevaaetasi land, this includes the length of the steps going up into defendants' house. The house is rectangular and from east to west it measures 40 feet and from north to south it measures 38 feet.

Leota, counsel for defendants, and Ala both testified. Leota's main line of defense was twofold: (1) That the Agreement of April 2, 1957 was not legal and binding on the defendants for the reason that defendants were compelled to sign said Agreement without understanding its contents, and that said Agreement was no good unless it was approved by him, Leota, who was the matai of defendants. (2) That plaintiff should be denied remedy because defendants' house was situated wholly within Leota Family land. The Court unanimously rejects the foregoing arguments by Leota. Both the plaintiff and defendant, Ala, testified that the Agreement had been signed in the Office of the Clerk of the High Court, at which time all parties thereto signed in the presence of the Clerk of the High Court and the Deputy Clerk. They both testified that the court interpreter had translated the Agreement from the English language into Samoan. Defendant Ala further testified that the reason he had not asked Leota's advice on the Agreement was because he, Ala, and his wife, Aitulagi, were angry with Leota. This Court finds it hard to believe that any person would be compelled to sign an instrument against his will in the presence of three officers of the Court. Certainly, three officers of the Court could not be parties to such practices as those inferred by Leota. Leota's allegation that defendants' house does not encroach

upon Sevaaetasi land but is wholly situated on Leota land is also in error. Leota well knew that in a recent land case —No. 23-1963—the boundary line between the Leota Family land and Sevaaetasi Family land was established by the High Court as a straight line connecting the two monuments before mentioned.

It is the unanimous opinion of the Court that that part or parts of defendants' house protruding beyond a straight line connecting the two monuments overlaps and to that extent encroaches upon Sevaaetasi Family land. It is further the unanimous opinion of the Court that the Agreement of April 2, 1957 signed between plaintiff and defendants is a legal and binding document between the parties thereto, and that defendants have wrongfully encroached upon Sevaaetasi Family land from and after the expiration of the aforementioned Agreement on April 2, 1962, and that defendants have continued to have their house situated thereon in violation of said Agreement. It is further the unanimous opinion of the Court that in view of the type of construction and the necessary burden to defendants in tearing down part of their house encroaching upon Sevaaetasi land, defendants should pay a monthly rental for the use of Sevaaetasi land, conditioned that if defendants fail to pay said monthly rent, they are to forthwith remove that part of their house encroaching upon Sevaaetasi land. Defendants may at any time remove the part of their house overlapping into Sevaaetasi land in lieu of making said monthly rental payments.

In conclusion, it is the unanimous decision of this Court and it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That a certain portion of the house belonging to defendants overlaps and encroaches into Sevaaetasi Family land.

2. That the Agreement of April 2, 1957 executed between plaintiff and defendants is a legal and binding document as between all the parties thereto, and that defendants have wrongfully encroached upon Sevaaetasi Family land from and after the expiration of said Agreement on April 2, 1962, and that defendants have continued to have their house thereon situated in violation of said Agreement.

3. That defendants need not remove that part of their house encroaching upon Sevaaetasi Family land in consideration of the type of structure of said house and the alternative suggested by plaintiff, provided, however, that defendants must pay plaintiff the sum of three ($3.00) dollars per month rent in lieu of removing part of their house from the Sevaaetasi Family land. The first rental payment is due and payable on the 1st day of October, 1963, and a similar payment of $3.00 to be paid on the 1st of each and every month thereafter, said money to be deposited by defendants in the Bank of American Samoa to the credit of the Sevaaetasi Family, Robert S. Siania, Trustee. Provided, further, that if defendants fail to meet the monthly rental payments as above ordered, they shall forthwith, after such failure, remove that part of their house out of Sevaaetasi Family land. Provided, further, that if defendants refuse to accept this alternative rental payment ordered by the Court, then the defendants are hereby ordered to remove that part of their house encroaching upon Sevaaetasi Family land by not later than October 1, 1963.

Court costs in the amount of fifteen ($15.00) dollars to be paid by defendants, Ala and Aitulagi Ala, within 30 days after filing of this decision.